[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
INTRODUCTION
This is an appeal by Cary G. Lowe, Jr. (the "appellant") from the May 5, 1999 grant (the "grant") by the Inland Wetlands and Watercourse Commission of the City of Meriden (the "Commission") of a permit (the "permit") to KTR, LLC ("KTR") to operate a car wash on land owned by KTR, at least some portion of which has been designated as an inland wetland.
The appellant was granted intervenor status by the Commission, and the Commission and KTR have admitted the appellant's aggrievement.
The revised appeal asserts four grounds for voiding the grant, but at oral argument counsel for the appellant abandoned all grounds except the claim of lack substantial evidence to support the grant.
DISCUSSION
CT Page 3163
The appellant owns a spring (the "spring") on land abutting KTR's property, and the appellant bottles and sells water from the spring. The nub of the appellant's claim was framed to the Commission in a written report by the appellant's expert, GS Environmental and Groundwater Associates, Inc., as follows:
 "Wash water from the proposed car wash facility secondary drops (sic) containing oils, greases, lubricants, solvents and detergent could enter the groundwater and surface water adjacent to the proposed car wash site. These constituents could potentially contaminate the water supply for the spring."
To the contrary is the opinion of KTR's expert. GZA GeoEnvironmental, Inc. ("GZA"), in a written report to the Commission which states:
 "In conclusion, we believe that the proposed car wash development will have no adverse impact on the groundwater quality at the spring."
The Commission had before it conflicting expert opinions about the effect of the operation of a car wash in proximity to the spring. While the question whether water from the spring will be contaminated by wash water from a car wash is important, it is not important enough to displace the Commission as the statutorily designated fact finder in proceedings before it. In short, the court will not undertake to redetermine factual matters decided by the Commission which are based on substantial evidence, which the court finds the report from GZA to be.
CONCLUSION
The appeal is denied.
G. Levine, J.